

U.S. Department of Justice

**Carmen M. Ortiz**
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

August 27, 2012

Victoria R. Kelleher, Esq.
15 Church St.
Salem, MA 01970

Barry S. Pollack, Esq.
Sullivan & Worcester
One Post Office Square
Boston, MA 02109

Michael Pelgro, Esq.
Perry, Krumsiek & Jack LLP
101 Arch Street, Suite 1930
Boston, MA 02110

Robert Goldstein, Esq.
The Goldstein Law Firm
20 Park Plaza, Suite 1000
Boston, MA 02116

Mark Smith, Esq.
Smith & Laredo, LLP
101 Federal Street, Suite 650
Boston, MA 02110

Jose Espinosa, Esq.
Espinosa & Associates
793 Centre Street
2d Floor
Jamaica Plain, MA 02130

Stanley Norkunas, Esq.
11 Kearney Square
Lowell, MA 01852

Re: United States v. Jovhan Saldana et al., 12-10219-NMG

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case. Written materials are primarily produced in PDF format on the enclosed discs. Also produced are certain non-drug exhibits, including surveillance photos and video. Pursuant to Local Rule 116.9, you will also find enclosed a summary index that identifies certain of the materials being produced and the Bates Numbers where those materials are located.

I.  Rule 16 Materials

   A. Statements of Defendant under Rule 16 (a)(1)(A) & (a)(1)(B)

      i. Written Statements

Enclosed are relevant written statements made by certain defendants in the possession, custody, or control of the government, the existence of which is known to the attorney for the government. These materials include advice-of-rights forms and consent-to-search forms, as described below. See Bates Nos. USAO2926-2997.

Multiple search warrants, described below, were executed in the course of this investigation, resulting in the seizure of numerous relevant written statements made by certain defendants. In addition, lease agreements and related documents executed by certain defendants are enclosed at Bates Nos. USAO2998-3047.

      ii. Recorded Statements

No consensual audio recordings were made of any telephone conversations or meetings involving any defendant. Recordings of defendants obtained pursuant to court-authorized wiretaps, along with video surveillance of defendants, are addressed elsewhere in this letter.

      iii. Grand Jury Testimony of the Defendant

No defendant has testified before a grand jury in relation to this case.

      iv. Oral Statements to Then Known Government Agents

DEA Personal History Reports for the defendants are enclosed beginning at Bates No. USAO2926. These reports are based in part on information orally provided by the respective defendants to law enforcement. Also enclosed are arrest reports and reports relating to the execution of various search warrants, some of which describe oral post-arrest statements made by defendants. These reports are included among the DEA-6 reports enclosed at Bates Nos. USAO2400-2804.

   B. Defendant's Prior Record under Rule 16 (a)(1)(D)

A hard copy of each defendant's prior criminal record is being provided to that defendant's counsel. The government reserves its right to supplement this production based on the discovery of additional aliases and other identifying information of the defendants.

   C. Documents and Tangible Objects under Rule 16(a)(1)(E)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the any defendant's defense or are intended for use by the government as evidence in chief at the trial of

this case, or were obtained from or belong to a defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Also enclosed is a set of DEA 7A forms, which itemize much of the evidence collected or seized in the District of Massachusetts during the investigation (except controlled substances). See Bates Nos. USAO2839-2925. Certain exhibits referenced in the DEA 7A forms relating to physical surveillance, such as photographs and video recordings, are enclosed on several discs, labeled by exhibit number. Please note that items were seized during the execution of search warrants and itemized in the returns, as described below and on the DEA 6 reports for each arrest and search.

During the investigation, the government also used surveillance cameras at or near 40 Church Street in Winchester, Massachusetts; 100 Stockton Street in Chelsea, Massachusetts; 375 Broadway in Lynnfield, Massachusetts. If you would like to inspect or obtain copies of any retained video footage, please contact the undersigned Assistant U.S. Attorney to make arrangements to do so.

In connection with separate investigations, one or more defendants was viewed on surveillance camera cameras located in the vicinity of 494 Prospect Street in Lawrence, Massachusetts and 505 Lowell Street in Lawrence, Massachusetts. To the extent any of this video footage was retained, it will be made available for your review and inspection upon request.

D. Reports of Examinations and Tests under Rule 16 (a)(1)(F)

Enclosed are lab reports for certain of the controlled substances seized during the investigation. Also enclosed is a of DEA 7 forms itemizing certain controlled substances gathered as evidence during the investigation. See Bates Nos. USAO2805-2838.

II. Search Materials under Local Rule 116.1(C)(1)(b)

Search warrants were obtained for six residential locations in this investigation:

- 375 Broadway, Building 1, Apt G-10, Lynnfield, Massachusetts (12-MJ-5078-JGD; executed February 9, 2012);

- 10 Diamond Street, Apartment 19, Lawrence, MA (12m-5154-JGD; executed February 9, 2012);

- 87 Kiley Road, Dedham Massachusetts (12m-5155-JGD; executed February 9, 2012);

- 81 Phillips Street, First Floor Rear Apartment, Lawrence, Massachusetts (12m-5156-JGD; executed February 9, 2012);

3

- 81 Phillips Street, Third Floor Apartment, Lawrence, Massachusetts (12m-5161-JGD; executed February 9, 2012); and

- 175 Phillips Street, First Floor, Methuen, Massachusetts (12m-5162-JGD; executed February 10, 2012).

Copies of the search warrants, applications, affidavits, and returns are enclosed.

Search warrants were also executed for the following vehicles:

- a White 2001 Volvo Station Wagon bearing Massachusetts registration 243TES (12M-5191-JGD);

- a grey 2003 Acura MDX SUV bearing Massachusetts registration 117JR1 12M-5192-JGD; and

- a grey 2008 Honda CRV bearing Massachusetts registration 554JN1 (12M-5193-JGD).

Copies of the search warrants, applications, affidavits, and returns are enclosed.

Multiple tracking warrants were obtained and executed for each of the following vehicles driven by defendants in this matter:

- a gray 2003 Volvo XC90 bearing Massachusetts registration 318MF9;

- a gray 2007 Chevrolet Impala bearing Massachusetts registration 514ES3; and

- a gray 2006 Honda Pilot bearing Massachusetts registration 332LY5

Copies of the tracking warrants, applications, affidavits, and returns are enclosed.

Tracking warrants were obtained but <u>not executed</u> for the three vehicles in connection with investigation of the charges contained in the indictment in this case:

- a gray 2005 ACURA MDX bearing Massachusetts registration 676MA2;

- a gray 2004 Mitsubishi Endeavor bearing Massachusetts registration 335NR8; and

- a gray 2003 Acura MDX bearing Massachusetts registration 117JR1.

Copies of the search warrants, applications, affidavits, and returns are enclosed.

Warrants to obtain precise location information for multiple cellular telephones in connection with the investigation of the charges contained in the indictment in this case:

4

- a T-Mobile USA cellular telephone assigned call number (978) 397-0701 (11 MJ-4074-TSH);

- a Sprint/Nextel cellular telephone assigned call number (347) 490-0911 (11-MJ-5158 JGD);

- a Sprint/Nextel cellular telephone assigned call number (956) 203-5725 (12-MJ-4001-TSH);

- a Sprint/Nextel cellular telephone assigned call number (201) 575-8078 (12-MJ-4011-TSH);

- a Sprint/Nextel cellular telephone assigned call number (617) 888-8598 and UFMI 181*301*1302 (12-MJ-4012-TSH);

- a Sprint/Nextel cellular telephone assigned call number (917) 526-5380 (12 MJ-7090 JCB);

- a Simple Mobile/T-Mobile USA cellular telephone assigned call number (646) 261-4452 (12-MJ-5140-JGD);

- a Simple Mobile/T-Mobile USA cellular telephone assigned call number (978) 390-2031 (12-MJ-5141-JGD);

- a Simple Mobile/T-Mobile USA cellular telephone assigned call number (978) 397-8816 (12-MJ-5142-JGD);

- a Simple Mobile/T-Mobile USA cellular telephone assigned call number (978) 397-8165 (12-MJ-5143-JGD);

- a Simple Mobile/T-Mobile USA cellular telephone assigned call number (978) 390-5845 (12-MJ-5144-JGD); and

- a T-Mobile USA cellular telephone assigned call number (832) 231-5524 (12M-5145-JGD).

Copies of the tracking warrants, applications, affidavits, and returns are enclosed.

The locations of the above-described materials are included in the enclosed index.

On July 9, 2012, consent searches were conducted at the following locations: 41 Whitfield Street, Second Floor in Dorchester, Massachusetts; 32 Baily Street, Apt. 3 in Boston, Massachusetts, 21 Brook Street, First Floor, Left Rear in Lawrence, Massachusetts, and 175 Phillips Street, Apartment #1 in Methuen, Massachusetts. As previously noted, a warrant was also obtained for 175 Phillips Street, Apartment #1 in Methuen, Massachusetts. Enclosed are

copies of a DEA reports describing those searches. Although not required by Local Rule 116.1(C)(1)(b), enclosed are copies of the written consent-to-search forms obtained in relation to the above searches. In addition, enclosed are two consent-to-search forms relating to 81 Phillips Street, Third Floor in Lawrence, Massachusetts. This location was searched pursuant to a federal search warrant described above, and not pursuant to the consent of individuals reflected in the enclosed documents.

III. Electronic Surveillance under Local Rule 116.1(C)(1)(c)

Wire communications, as defined in 18 U.S.C. § 2510, of defendants Saldana, Ramirez-Rodrigue, Franco, Martinez-Tiburcio, Cuadrado-Almodova, Lopez-Santos, Maldonado, Rosario-Soto, and Rodriguez relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance. By letter dated July 20, 2012, the government previously provided to you: (1) applications for authorization to intercept wire communications relating to the charges contained in the indictment; (2) supporting affidavits of DEA Task Force Officer James Picardi; (3) orders authorizing the interception; (4) orders directing the sealing of intercepted communications under 18 U.S.C. § 2518(a); (5) intercepted audio recordings; and (6) preliminary synopses/transcripts of intercepted communications. The applications, affidavits, and orders only are being re-produced herein. All wiretap materials are produced pursuant to the terms of the protective order entered in MBD No. 11-91189-JLT.

The government intends to offer communications of the defendants intercepted pursuant to all these orders as evidence in its case-in-chief.

The government is also aware of two other wiretap investigations conducted in the District of Massachusetts in which one or more defendants was intercepted and/or named as a Target Subject, including the following:

Wiretaps obtained in M.B.D. No. 11-MC-91145-GAO:

| Date of Order | Target Phone No. | User of Target Telephone |
|---|---|---|
| 06/13/11 | (339) 204-3111 | Julio Vicente |
| 06/30/11 | (978) 397-4505 | Jose Rosario |
| 07/13/11 | (207) 521-6549 | Julio Vicente |
| 07/27/11 | (978) 397-4505 | Jose Rosario |
| 08/05/11 | (978) 885-6128 | Jose Rosario |
|  | (978) 397-2808 | Julio Vicente |
| 09/21/11 | (978) 885-6128 | Jose Rosario |
| 10/05/11 | (978) 397-9564 | Jose Rosario |
| 10/14/11 | (978) 397-9324 | Julio Vicente |

6

| 11/07/11 | (978) 397-9564 | Jose Rosario |
| 11/10/11 | (978) 397-9324 | Julio Vicente |
| 12/09/11 | (978) 397-9564 | Jose Rosario |
| 04/12/12 | (978) 566-2663 | Julio Vicente |

Wiretaps obtained in M.B.D. No. 11-91210-DJC:

| Date of Order | Target Phone No. | User Of Target Telephone |
|---|---|---|
| 09/08/11 | (617) 888-8560 | Ernesto Andujar |
| 09/24/11 | (617) 888-8382 | Ernesto Andujar |
| 10/14/11 | (617) 888-8392 | Ernesto Andujar |
| 12/07/11 | (857) 389-3319 | Ernesto Andujar |
| 01/05/12 | (857) 389-3319 | Ernesto Andujar |
| 2/10/12 | (617) 637-0020 | Ernesto Andujar |
| 03/09/12 | (617) 637-0020 | Ernesto Andujar |

The government intends to offer communications of the defendants intercepted pursuant to the orders listed in the two charts above as evidence in its case-in-chief. The government is in the process of preparing for production the following materials in connection with these wiretaps: (1) applications for authorization to intercept wire and/or electronic communications; (2) supporting affidavits; (3) orders authorizing the interception; (4) orders directing the sealing of intercepted communications under 18 U.S.C. § 2518(a); (5) intercepted audio recordings; and (6) preliminary synopses/transcripts of intercepted communications. There were numerous other wiretaps obtained in connection with these separate investigations in which one or more defendants were named as target subjects and/or may have been intercepted. The government does not intend to offer evidence obtained from these other wiretaps in its case-in-chief. These other applications, supporting affidavits, authorizing orders, sealing orders, audio recordings, and preliminary transcripts/synopses of intercepted communications will be made available for inspection and copying.

In addition, wire communications of certain defendants relating to the charges in the indictment were intercepted pursuant to wiretaps conducted by law enforcement in New York and the Dominican Republic. These wiretaps, and others related to the defendants in this case, were described in, among other places, pages 34-55 of the affidavit of DEA Task Force Officer James Picardi dated June 13, 2012, in support of the wiretap application dated June 13, 2012, for Target Telephone #12 (the "June 13, 2012 Picardi Affidavit"). The government is attempting to obtain the wiretap recordings and related materials relating to the Dominican Republic wiretap and will provide them to counsel upon receipt. As to wiretaps conducted by law enforcement in

New York, the government declines to produce those wiretap materials at this time, pursuant to Local Rule 116.6, as disclosure would likely hinder ongoing investigative activity in those separate investigations.

IV. Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

V. Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

A list of known co-conspirators is contained at pages 8 - 15 (the "Target Subject" list) of the affidavit of DEA Task Force Officer James Picardi dated June 13, 2012, in support of the wiretap application dated June 13, 2012, for Target Telephone #12.

In addition, there are numerous unidentified co-conspirators who were intercepted during the court-authorized wiretaps conducted over the course of this investigation. The government will supplement its disclosure of unindicted co-conspirators upon identification of such individuals.

VI. Identifications under Local Rule 116.1(C)(1)(f)

The defendants' RMV photographs may have been used by surveillance agents to confirm the identities of persons seen on surveillance. Where this occurred it is generally noted in the corresponding DEA 6 report.

Otherwise, I have no information indicating that any defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

VII. Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2. A disk containing recordings of wire communications intercepted over Target Telephone #3 pursuant to a wiretap order dated December 1, 2011, was sealed on January 26,

8

2012, for reasons stated in the enclosed Motion to Seal Disk and Postpone Inventories. A disk containing recordings of wire communications intercepted over Target Telephone #1 pursuant to a wiretap order dated August 23, 2011, was sealed on January 26, 2012, for reasons stated in the enclosed Motion to Seal Disk and Postpone Inventories. The government is unaware of any other information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4. The government is unaware that any of its named case-in-chief witnesses has any criminal record.

5. The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

6. No named percipient witness(es) failed to make a positive identification of a defendant with respect to the crime(s) at issue.

## VIII. Other Matters

Although not subject to production at this juncture, the government is producing numerous DEA reports related to this case. Production is not complete; the government has withheld reports summarizing proffer sessions with certain cooperating witnesses and confidential sources because of the likelihood that, even redacted, the reports would identify the persons interviewed. The government has further either withheld or redacted reports relating to ongoing investigative activity because revealing such information at this time would jeopardize such investigative activity.

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.

Please call the undersigned Assistant U.S. Attorney at (617) 748-3370 if you have any questions.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: /s/ David J. D'Addio
David J. D'Addio
Assistant U.S. Attorney

Enc.