United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| JOVHAN SALDANA, ) | 12-10219-NMG |
| Defendant. ) | |
| ) | |
| IN RE REINALDO GONZALEZ. ) | |

MEMORANDUM & ORDER

GORTON, J.

The Court finds itself in the regrettable position of having to enforce an order against a member of the Massachusetts Bar. Attorney Reinaldo Gonzalez ("Atty. Gonzalez") has failed to appear on behalf of the criminal defendant he represented, answer communications from the Court, respond to a show cause order and appear at a subsequent show cause hearing. Therefore, as forewarned in its Order of August 16, 2013, this Court will hold Atty. Gonzalez in contempt of this Court.

In July, 2012, Atty. Gonzalez was retained by criminal defendant Jovhan Saldana ("Saldana"). After representing Saldana for just under one year, Atty. Gonzalez failed to appear at his client's pretrial conference on June 27, 2013. On July 5, 2013, Atty. Gonzalez moved to withdraw as counsel, citing an inability to continue because of personal circumstances. Docket No. 114. In a letter dated that same day, defendant Saldana

-1-

wrote to this Court requesting new counsel because he had not communicated with Atty. Gonzalez in six months. Docket No. 115.

The Court has since made numerous attempts to notify Atty. Gonzalez that to withdraw he was required to submit Criminal Justice Act ("CJA") Form 23 on behalf of Saldana so that the Court could determine Saldana's indigency, allow Atty. Gonzalez's motion to withdraw and appoint new counsel.  In a final attempt to resolve the situation, on August 16, 2013, the Court issued an order directing Atty. Gonzalez

> to file CJA Form 23 immediately or to show cause, on or before August 23, 2013, why he should not be held in contempt of Court.

Docket No. 130.  The Court also scheduled a show cause hearing for September 3, 2013.  Atty. Gonzalez failed to file CJA Form 23 or to appear at the show cause hearing.  In light of Atty. Gonzalez's failure to respond, the Court appointed substitute counsel for Saldana on September 23, 2013. See Docket No. 148.

Courts retain the inherent power "to discipline attorneys who appear before" them, including by holding individuals in contempt. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Contempt orders come in two forms: civil contempt is remedial while criminal contempt punishes past disobedience. United States v. Winter, 70 F.3d 655, 661 (1st Cir. 1995).  Because the Court has already appointed substitute counsel in this case, only criminal contempt is available.

A court is required to provide a potential contemnor with notice and an opportunity to be heard before issuing a contempt order. In re Hann, 711 F.3d 235, 242 (1st Cir. 2013); 18 U.S.C. § 401(3). An order to show cause satisfies both requirements. Fed. R. Crim. P. 42(a)(1). Courts have the authority, however, to act summarily if they must enforce "lawful orders essential to prevent a breakdown of the proceedings." United States v. Wilson, 421 U.S. 309, 319 (1975).

To be criminal, contemptuous conduct must be found intentional or reckless beyond a reasonable doubt. See United States v. Kouri-Perez, 187 F.3d 1, 8 (1st Cir. 1999). Courts may punish a contemnor with imprisonment, a fine or suspension or disbarment from practice before the Court. See United States v. Lespier, 558 F.2d 624, 628 (1st Cir. 1977); 18 U.S.C. § 401. Trial by jury is required if the Court administers a "serious" penalty, including imprisonment for a period exceeding six months or a fine exceeding $500. See Muniz v. Hoffman, 422 U.S. 454, 475 (1975). For penalties that fall short of that level, however, a court may make findings on the record. See Romero-Lopez, 661 F.3d at 108.

Punishing an attorney's willful or reckless failure to heed a direct and unambiguous order of a court with a criminal contempt order is uncontroversial. See, e.g., United States v. Chapel, 480 F. Supp. 591, 594 n.9 (D.P.R. 1979). Specifically,

courts commonly punish an attorney's failure to appear pursuant to a show cause order with contempt. See id. (finding that an attorney's "willful nonappearance" pursuant to a show cause order violated 18 U.S.C. § 401(3)); see also United States v. Romero-Lopez, 661 F.3d 106, 108 (1st Cir. 2011) ("[S]anctioning an attorney for failing to appear falls squarely within [the court's] recognized inherent power to discipline attorneys who appear before it." (citation and quotation marks omitted)).

Unfortunately, the conduct of Atty. Gonzalez fulfills the criteria outlined above. His actions prompted the Court to direct him on August 15, 2013, to show cause why he should not be held in contempt for his failure to appear on behalf of his client or to comply with the Court's instruction to file CJA Form 23, providing him with an adequate opportunity to be heard. In response, Atty. Gonzalez again failed to appear in direct violation of a court order. Accordingly, the Court will hold Atty. Gonzalez in criminal contempt for willful or reckless violation of a court order.

The Court is aware that the contempt power should be employed "with restraint and discretion," Chambers, 501 U.S. at 44, and with the "least possible power adequate to the end proposed." In re Oliver, 333 U.S. 257, 274 (1948). Here, however, "the highest level of censure against counsel" is appropriate where an attorney left a criminal defendant

functionally without legal representation for months and failed to respect this Court's orders to facilitate the appointment of substitute counsel. Kouri-Perez, 187 F.3d at 8.

The Court notes the ongoing disciplinary proceedings before the Massachusetts Supreme Judicial Court and Atty. Gonzalez's current administrative suspension from the practice of law in the Commonwealth. Pursuant to Local Rule 83.6(2)(B), the Clerk will initiate reciprocal disciplinary proceedings in this Court by ordering Atty. Gonzalez to show cause why the identical discipline should not be imposed in this Court. To ensure that the Office of Bar Counsel is fully apprised of all relevant information with respect to this matter, the Clerk will be directed to send a copy of this order to the Office of Bar Counsel.

### ORDER

In accordance with the foregoing,

1) the Court finds beyond a reasonable doubt that Attorney Reinaldo Gonzalez's conduct was willfully or recklessly contemptuous;

2) Attorney Reinaldo Gonzalez is held in contempt pursuant to the Court's authority under 18 U.S.C. § 401(3); and

3) the Clerk of Court is instructed to send a copy of this Order to the Office of Bar Counsel at 99 High Street, Boston, Massachusetts, 02110.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 5, 2013